UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE HUGHES** | **CIVIL ACTION** |
| **VERSUS** | |
| **DARREL VANNOY, ET AL.** | **NO.:16-00770-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 12)** pursuant to 28 U.S.C. §636(b)(1). The Report and Recommendation addresses Petitioner's application for a Writ of Habeas Corpus **(Doc. 1)**. Petitioner, an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, filed this proceeding against Defendants to challenge his confinement. The Magistrate Judge recommended that Petitioner's application for habeas corpus relief be granted and the state court be directed to retry Petitioner.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. §636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Defendants filed a timely objection (Doc. 13), and Plaintiff filed a response to the objection. (Doc. 16).

## A. Whether Petitioner's Petition was Untimely Filed.

The State asserts that petitioner's application is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The State argues that the thirty-day extension granted by the Court was not warranted by equitable tolling. The statute of limitations applicable to federal habeas corpus claims is one year, unless a court finds that the circumstances are rare and exceptional to warrant equitable tolling. See *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Petitioner filed his original petition within the one-year limitation, but it was filed before Petitioner exhausted state court remedies. Petitioner filed the petition because he had three days remaining before the end of the one-year limitation and he did not want to forfeit his rights to a file a habeas petition (Doc. 16 at p. 3). Petitioner filed a motion to stay his petition until he exhausted his state court remedies, but the Court denied his motion and dismissed his petition. (Doc. 15, 3:15-cv-00795-JJB-EWD). However, the Court granted Petitioner an additional thirty days, commencing after the Louisiana Supreme Court issued its ruling on his petition. (Id.). The Magistrate Judge found that the Court's decision to grant an extension of time to file the petition is a rare and exceptional circumstance that warrants equitable tolling of the one-year limitation, therefore the merits of Petitioner's petition must be considered.

The Magistrate Judge cites *Prieto v. Quarterman*, 456 F. 3d 511 (5th Cir. 2006) as support for the finding that Petitioner's petition was not untimely filed. In *Prieto*, the United States Court of Appeals for the Fifth Circuit found that the Prieto (1) relied on the district court's order extending his filing deadline in good faith and (2)

2

relied to his detriment on the prior court ruling when he filed his petition. 456 F.3d at 515. The Fifth Circuit also found that since Prieto submitted his petition within the time expressly allowed by the district court, he is entitled to equitable tolling. *Id.* The Fifth Circuit previously recognized in *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) that a district court's grant of extensions of time beyond the AEDPA's limitations period is likely a rare and exceptional circumstance that justifies equitable tolling.

The Court agrees that Petitioner's petition is not time-barred. The extension of time granted by the Court is the rare and exceptional circumstance that warrants equitable tolling; therefore, the Court did not have to list other exceptional circumstances, as the State argued. The Magistrate Judge correctly found that this rare and exceptional circumstance justified equitable tolling.

As previously noted, Petitioner filed his original petition within the AEDPA's one-year limitation period, but the petition was dismissed for failure to exhaust state court remedies. Just as in *Prieto*, Petitioner relied on the Court's Order granting an extension of time to re-file his petition in good faith. The Petitioner re-filed his petition within the time permitted by the Court. Thus, the Magistrate Judge's finding that the petition was not time barred, and that the merits of the petition must be considered was correct.

The State argues that the Court's *sua sponte* extension of time to re-file Petitioner's petition was issued without notice to the State, which it alleges is in violation of fair notice principles. (Doc. 13 at p. 2). Regardless of whether the

notification of the entry of the Order was received, the State was allowed the opportunity to object to the timeliness of the filing of the petition (Doc. 7) and the objection was considered by the Magistrate Judge and now this Court.

### B. Whether Petitioner's Case Should be Retried Due to Ineffective Assistance of Counsel

Petitioner asserted that he was provided ineffective assistance of counsel. Petitioner more specifically asserts that his trial counsel was ineffective for failing to conduct an investigation regarding the statements of Sandra Allen, an alleged eyewitness, failing to call Jamie Mobley and Denise Feldman to testify at trial, and failing to assert a justification defense. (Doc. 12 at p. 8, 12, and 14). A habeas petitioner who asserts an ineffective assistance of counsel claim must demonstrate that (1) his counsel's performance was deficient, *i.e.* that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Magistrate Judge applied the *Strickland* test and found that counsel's decisions to forego calling Mobley and Feldman to testify at trial and not asserting a justification defense did not render the assistance of counsel ineffective because Petitioner failed to establish that but for these errors, the result of the proceeding would have been different. (Doc. 12 at p. 14,15). However, the Magistrate Judge did find that the record established that but for trial counsel's decision to forego investigating and interviewing Allen, there was a reasonable probability that the

4

result of the proceeding would have been different. (Id at. p. 10). Allen was a crucial eyewitness. Had counsel interviewed her, counsel may have discovered circumstances that greatly diminished Allen's credibility. The Magistrate Judge noted that the evidence of specific intent was not so extensive as to render harmless the errors of trial counsel. (Id. at 11).

The Court agrees with the Magistrate Judge's findings on the issue of ineffective assistance of counsel. Petitioner failed to establish that had Mobley and Feldman been called to testify, the result of the proceeding would have been different. The trial court disallowed any testimony regarding domestic violence. Feldman's testimony had no other purpose but to inform the jury of the allegations of domestic violence; thus, her testimony would have been excluded by the trial court. Mobley's testimony would have also consisted of domestic violence claims, and the part of her testimony that did not contain domestic violence would have been cumulative along with other witness testimony. The Court also agrees with the Magistrate Judge's finding that counsel's decision to forego the assertion of a justification defense did not prejudice the defendant. Petitioner again failed to establish that but for counsel's decision, the result of the proceeding would have been different. Additionally, Petitioner's trial testimony was not sufficient to establish a justification defense and there was no evidence that Petitioner felt that he or others were being threatened by the victim at the time he removed the weapon from his pocket. (Doc. 12 at p. 15).

Finally, the Court agrees with the Magistrate Judge's finding that counsel's decision to forego the investigation and interview of Allen was not reasonable under

5

the circumstances. The Magistrate Judge cited *Koon v. Cain,* 277 Fed.Appx. 381 (5th Circ. 2008) for support of its findings. In *Koon,* defense counsel made errors in his performance, including the failure to interview the lone eyewitness, which prejudiced the defendant. After finding that counsel's performance was deficient, the Fifth Circuit concluded that there was a reasonable probability that the jury would have convicted the defendant of a lesser offense if counsel's performance had not been deficient.

Allen was the sole witness that could have been considered disinterested to the outcome of the case. (Id. at p. 10). Because of trial counsel's decision to not interview her prior to the trial, he was ill- prepared to conduct cross-examination on Allen, who changed her testimony days before trial.[1] Allen's inconsistent testimony had the effect of giving credence to the inconsistent testimony of another witness who testified against Petitioner. Had trial counsel interviewed Allen, he would have been prepared to confront Allen about her changed testimony and could have mitigated the damage of her testimony. The Magistrate Judge found that it is possible that Allen might not have provided testimony inconsistent with her prior statements had trial counsel interviewed her because trial counsel would have known of her television interview

---

[1] Allen gave a written statement shortly after the shooting. She wrote that she was sitting in her front room when she heard someone calling for help. She then wrote that she heard a gunshot and exited her home where she saw two people arguing. She wrote that she saw a red truck back out and travel down Central Woods Ave. towards Sullivan Rd. (Doc. 12 at p. 8). Allen also participated in a television interview in which she gave statements consistent with her written statement. A week prior to trial, Petitioner's counsel was notified that Allen would testify at the trial that she witnessed the shooting and that the victim had his hands in the air indicating that he was surrendering as he was shot. Allen testified at trial, inconsistent with her written statement that she saw two men arguing and pushing each other, then the victim backed away with his hands up. (Id. at p. 8-9).

statements. Petitioner's counsel also would have known that Allen had a roommate.[2] The television interview and the testimony of Allen's roommate would have diminished Allen's credibility at trial. The Court agrees that this deficiency in trial counsel's performance prejudiced Petitioner's defense and that there is a reasonable probability that the result of the proceeding would have been different. Although Petitioner raised this issue in his post-conviction petition, the state trial court denied Petitioner's post-conviction relief claims in a brief order that did not address the ineffective assistance of counsel. The Court agrees that the trial court's ultimate legal conclusion was objectively unreasonable. For these reasons, Petitioner's application for habeas corpus relief will be granted, and Petitioner must be granted a new trial.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

---

[2] On the night of the shooting, Allen's roommate was Lee Allen. Petitioner's counsel was not aware of the existence of Lee Allen; therefore, Lee Allen was never interviewed by Petitioner's counsel. Lee Allen testified at trial that she was sitting at the computer and Allen was sitting near her when they heard the gun shot. Lee Allen further testified that after they heard the gunshot, Allen then exited their home and called the police. (Doc. 12 at p. 9).

7

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report and Recommendation (Doc. 12)** is ADOPTED as the Court's opinion herein.

IT IS FURTHER ORDERED that Petitioner's application for habeas corpus relief be GRANTED.

IT IS FURTHER ORDERED that the Petitioner be granted a new trial at the 19th Judicial District Court for the Parish of East Baton Rouge.

Baton Rouge, Louisiana, this 31ST day of October, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA