UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GEORGE HUGHES**                                                              **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                         **NO.:16-00770-BAJ-RLB**

<u>**RULING AND ORDER**</u>

Before the Court is Petitioner George Hughes's **Emergency Motion for Release from Custody (Doc. 26)**. Petitioner argues that he is entitled to release pursuant to Federal Rule of Appellate Procedure 23(c). Petitioner further argues that he should be released because of his advanced age, poor health, and susceptibility to the COVID-19 virus. Petitioner contends that because the State is seeking review of the Court's grant of his habeas motion, the Court may grant Petitioner release on his own recognizance, or on surety, pending the State's appeal of this matter. The State filed an opposition to the motion (Doc. 39), arguing that all factors weigh against Petitioner's release. The State requests, in the alternative, that Petitioner remain in home incarceration and that an ankle monitor be installed, should he be released.

**I.      BACKGROUND**

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary. He is currently serving a life sentence. After a trial by jury conducted in June 2006, Petitioner was found guilty of second-degree murder of his daughter's boyfriend, who was also the father of her child. Petitioner was sentenced to life at hard labor without

1

the benefit of probation, parole, or suspension of sentence. In 2007, Petitioner's conviction and sentence were affirmed on appeal and his writs were denied by the Louisiana Supreme Court in January of 2008. After the denial of his application for post-conviction relief in 2015, Petitioner filed an application for habeas corpus relief the following year, alleging ineffective assistance of counsel. (*See* Doc. 12 at p. 3-4).

The Magistrate Judge recommended that Petitioner's habeas corpus application be granted and that the Nineteenth Judicial District Court for the Parish of East Baton Rouge be directed to retry Petitioner. (Doc. 12). The Court adopted the Magistrate Judge's recommendation. (Doc. 17). The State filed a notice of appeal of the decision on November 25, 2019. Petitioner filed the instant motion on April 2, 2020, seeking release while the appeal is under review.

## II.  LEGAL STANDARD

Federal Rule of Appellate Procedure 23 addresses the custody or release of a prisoner in a habeas corpus proceeding. Subsection (c) provides that while a decision ordering the release of a prisoner is under review, the prisoner must be released on personal recognizance, with or without surety, unless the court rendering the decision orders otherwise. Rule 23(c) creates a presumption favoring release of a successful habeas petitioner pending appeal; however, this presumption may be overcome if so indicated by the traditional stay factors. *Hilton v. Braunskill*, 481 U.S. 770, 771 (1987). The stay factors are (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 776; *see also Woodfox v. Cain*, 305 Fed.Appx. 179, 181 (5th Cir. 2008). If necessitated by the circumstances, the Court may also give consideration to factors such as (1) the possibility of the prisoner's flight; (2) the risk that the prisoner will pose a danger to the public if released; (3) the State's interest in continuing custody and rehabilitation pending a final determination on appeal; and (4) the prisoner's substantial interest in release pending appeal. *Id.* A prisoner should remain in custody if the State can "demonstrate a substantial case on the merits" and the other factors militate against release. *Woodfox*, 305 Fed.Appx at 181 (citing *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982)).

**III.   DISCUSSION**

Here, the State has failed to show a "strong likelihood of success on appeal," or even "demonstrate a substantial case on the merits," that would weigh in favor of "continued custody." *Braunskill*, 481 U.S. at 778. The Court granted Petitioner's habeas petition due to its finding that trial counsel's decision to forego the investigation and interview of Sandra Allen prejudiced Petitioner's defense and that there is a reasonable probability that the result of the proceeding would have been different. (See Doc. 12). Allen was the sole witness that could have been considered disinterested in the outcome of the case. She also changed her testimony days before trial. Her inconsistent testimony had the effect of giving credence to the inconsistent testimony of another witness who testified against Petitioner. Had trial counsel interviewed Allen, he would have been prepared to confront her about her changed

3

testimony and could have mitigated the damage of her testimony. The Court cited *Koon v. Cain*, 277 Fed.Appx. 381 (5th Circ. 2008) in support of its findings. In *Koon*, defense counsel made errors in his performance, including the failure to interview the lone eyewitness, which prejudiced the defendant. After finding that counsel's performance was deficient, the Fifth Circuit concluded that there was a reasonable probability that the jury would have convicted the defendant of a lesser offense if counsel's performance had not been deficient.

Also, the State cannot show irreparable injury if Petitioner is released because "[a] prisoner whose conviction is reversed by this Court need not go free if he is in fact guilty, for [the state] may indict and try him again by the procedure which conforms to constitutional requirements." *Hill v. Texas*, 316 U.S. 400, 406 (1942).

With regard to the third and fourth traditional stay factors, whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies, the State argues that Petitioner's crime involved the murder of his daughter's boyfriend, Drew Hawkins, who was also the father of her child. Amy Hughes, Petitioner's daughter, testified against Petitioner at trial. Ms. Hughes still resides in the area and has expressed fear for her safety if Petitioner is released. However, if released, Petitioner may reside either with his wife or his mother, neither of whom live with Ms. Hughes. In fact, Petitioner's family members have not seen or contacted Ms. Hughes or the Hawkins family since the trial 14 years ago, and they have no intention to contact Ms. Hughes or the Hawkins family should Petitioner be released. (Doc. 39 at p. 11). The Court also notes that Petitioner has had

only one disciplinary infraction issued against him in the 14 years he has been in the custody of the Department of Corrections, and that he poses an extremely low risk of recidivism. The official risk assessment tool utilized by the Department of Corrections is known as LARNA.[1]  A score of 0 through 7 indicates that an individual has a low risk of recidivism. Petitioner's official LARNA score is -4. (Doc. 26-1, at p. 3).

On the other side of the ledger, Petitioner has a significant interest in his release. *Braunskill*, 481 U.S. at 778. He has spent 14 years in prison under a constitutionally defective conviction and sentence. In addition, Petitioner is at risk of severe infection should he contact COVID-19. He is 64 years old, diabetic, has high blood pressure, and recently suffered a stroke. The State has not offered any evidence to suggest that Petitioner is a flight risk.

Lastly, the State argues that its interest in keeping Petitioner in custody is strong because Petitioner was convicted of a serious offense and received a life sentence. *Id.* at 777 ([T]he State's interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."). *Id.*  However, Petitioner has spent 14 years in prison and is 64 years old. At this juncture, it is unclear whether the time remaining on his life sentence is more or less than what he has already spent in prison.

---

[1] The Louisiana Risk Needs Assessment is a tool utilized by the Louisiana Department of Corrections to identify an individual's likelihood of reoffending. It is used to inform decisions regarding supervision levels for those on probation and parole. See *Louisiana Justice Reinvestment Task Force Report and Recommendations 2017*, www.lasc.org.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Emergency Motion for Release from Custody (Doc. 26)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall be placed on home confinement and shall be required to wear an ankle monitor.

**IT IS FURTHER ORDERED** that Petitioner shall have no contact with Amy Hughes, her children, friends, or acquaintances, and that Petitioner and any members of Petitioner's family shall have no contact with Amy Hughes and the Hawkins family.

Baton Rouge, Louisiana, this 20th day of May, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**